IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| RASHARD ESAW RENFRO | § | |
| VS. | § | CIVIL ACTION NO. 1:21-cv-49 |
| BOBBY LUMPKIN, ET AL. | § | |

REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Rashard Esaw Renfro, proceeding *pro se*, filed the above-styled lawsuit against several defendants, including James Cooper. This lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Plaintiff has filed a motion (doc. # 35) asking that a default judgment be entered against Defendant Cooper for failing to file a responsive pleading.

Federal Rule of Civil Procedure 55(a) authorizes the entry of a default judgment against a party who a judgment for affirmative relief is sought who has failed to plead or otherwise defend against a lawsuit. However, until a defendant has been properly served, "the defendant has no duty to answer the complaint and the plaintiff cannot obtain a default judgment." *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999). Absent proper service of process, a court lacks jurisdiction over a defendant and any default judgment against such a defendant would be void. *Id*. at 940.

The court previously entered an Order (doc. #29) directing the United States Marshal to serve Defendant Cooper with process. A return of service was filed with respect to that attempt to

serve Defendant Cooper. However, for the reasons set forth below, that attempt to serve Defendant Cooper did not constitute proper service.

Federal Rule of Civil Procedure 4(c) states individuals may be served either: (a) pursuant to the laws of the state in which the court is located or (b) by delivering a summons and a copy of the complaint to the individual personally, by leaving such documents at the individual's dwelling house or usual place of abode or by delivering such documents to any agent authorized by appointment or by law to receive service of process. The Marshal attempted to serve Defendant Cooper by certified mail as permitted under the laws of the State of Texas.

Rule 106 of the Texas Rules of Civil Procedure authorizes service via certified mail. Rule 107 requires that when service is made by certified mail, the return of service must contain the addressee's signature.

The return receipt (doc. #37) regarding this attempt to serve Defendant Cooper was not signed by Defendant Cooper himself. As a result, Defendant Cooper had not been properly served with process and could not have been in default at the time Plaintiff filed his Motion. The Motion should therefore be denied.[1]

### Recommendation

Plaintiff's Motion seeking a default judgment should be denied.

### Objections

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

---

[1] After Plaintiff filed his Motion, the court entered an Order (doc. #39.) directing the Marshal to personally serve Defendant Cooper. Defendant Cooper was then properly served and has filed an Answer (doc. #42).

Failure to timely file specific written objections to the proposed findings of facts, conclusions of law and recommendations contained herein within 14 days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1429 (5th Cir. 1996) *(en banc)*.

**SIGNED this the 19th day of September, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE